CARL G. MAXWELL ET AL., ETC., RESPONDENTS, v. CALVIN B. STAULCUP ET UX., APPELLANTS.

Submitted January 28, 1927—Decided July 23, 1927.

1. A firm of brokers had a contract with the owners of a house and lot of land, for the sale thereof during the period of three months, which provided that the brokers should receive a commission of five per cent. upon the gross consideration for the sale, by whomsoever the same might be effected. *Held*, that during the specified period the brokers were entitled to their commission if the sale was effected, whether or not they were the producing cause thereof.
2. A broker, who is to receive a commission on the "sale" of a property, is entitled to that commission when he produces a ready and willing purchaser upon terms acceptable to the owner, and his right to the commission is not dependent upon an actual transfer of title from the seller to the buyer.

On appeal from the Camden County Court of Common Pleas.

Before GUMMERE, CHIEF JUSTICE, and Justice TRENCHARD.

For the appellants, *Thomas J. Hamm.*

For the respondents, *Elmer G. VanName.*

The opinion of the court was delivered by

GUMMERE, CHIEF JUSTICE.   This action was brought to recover broker's commissions under a contract made by the respondents with the appellants.   Upon the filing of the answer, a motion was made to strike out the same and for the entry of judgment in favor of the respondents.   This motion was granted, and from the judgment entered pursuant thereto the appellants have appealed.

The appellants, husband and wife, were the owners of a house and lot on North Second street, in the city of Camden. They employed the respondents, who were real estate brokers, under a written contract dated September 28th, 1925, to procure a purchaser for this property.   By the terms of that agreement the respondents were made "the sole and exclusive agents for the sale of the property for a term of three months," and the appellants agreed to pay them "a commission of five per cent. on the gross consideration upon its sale   *   *   * by whomsoever the same may be made or effected."   The respondents aver in their complaint that they obtained a buyer, named Markowitz, for this property on or about the 16th of October, 1925, and that on that day the appellants and Markowitz entered into a written agreement for the sale and purchase of the same.   This agreement provided, among other things, that the title to the premises should be free and clear of all encumbrances, including municipal liens and assessments, and that the seller should tender a general warranty deed conveying such title at the time of the final settlement. The answer admits all of the facts set out in the complaint, except that which declares that the respondents secured the purchaser.   They deny this, and state that the agreement for the sale of the property was brought about through the efforts of a real estate agent named Harrington.   They further aver in their answer that, by the terms of the agreement with Markowitz, it was provided that a commission of five per cent. for bringing about the sale should be paid by the seller to

Harrington and the respondents on the date of the final settlement.

They further aver that on the date fixed for that settlement they tendered a warranty deed to Markowitz, and the latter refused to accept it, and that, because of his refusal, there was no final settlement between the parties to the contract, and that, consequently, no commission was earned.

Our consideration of this case leads us to the conclusion that there is nothing in the facts recited in the answer, and upon which the appellants rely, which constitutes a bar to the respondents' action. The agreement with the respondents provided that they should be the exclusive agents for the sale of the property for a period of three months, and that upon its sale, *by whomsoever the same might be made,* the respondents' commission should be payable. There is nothing in the answer which even suggests that the respondents' agency had been terminated, and, this being so, it is quite immaterial whether they or some other party were the procuring cause of the sale; for, by the very language recited, the respondents were entitled to their commission when the sale had been brought about. The allegation in the complaint that the respondents were the procuring cause of the sale is quite immaterial, and may properly be treated as surplusage. The fact that the agreement between the intending vendor and vendee contained a provision with relation to the payment of commission entirely different from that contained in the respondents' agreement is no bar to their right of recovery. They were not parties thereto, and their rights could not be affected thereby unless they consented to be bound by the provision relating to the payment of commissions contained therein.

Counsel for the appellants further argues that the provision in the respondents' agreement providing that the commission was to be paid to them on the sale of the property did not entitle them to receive it until there was an actual transfer of the title. This contention, in our opinion, is without merit. The commissions were earned when a ready and willing purchaser was produced. The execution of the agreement for sale was conclusive evidence that Markowitz

was accepted by the appellants as a ready and willing purchaser. The word "sale" in agreements between the owners of land and real estate brokers means no more than the negotiation of a sale by the broker by his finding a purchaser upon satisfactory terms. *Lindley* v. *Keim,* 54 *N. J. Eq.* 418; *Freeman* v. *Van Wagenen,* 90 *N. J. L.* 358.

Lastly, it is argued on behalf of the appellants that the motion to strike out the answer was without legal justification, because there was nothing before the court showing that the intending purchaser was able to perform his contract and pay the purchase-money. But there is no suggestion in the answer that the intending purchaser was not able to perform his contract. All that is stated therein is that he refused to accept the deed. In the absence of an averment to the contrary, the presumption is that the refusal of the purchaser to accept the deed was legally justified; for it is an elementary rule of pleading that, where the existence of a material fact is not denied by the pleader, the presumption is that it is admitted.

For the reasons indicated, the judgment under review will be affirmed.